UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY ATTERBERRY<br>    Plaintiff,<br><br>v.<br><br>IKON OFFICE SOLUTIONS, INC.,<br>    Defendant. | Civil No. 3:02CV14901(PCD)<br><br>September 26, 2003 |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 7, the Defendant, IKON Office Solutions, Inc., ("Defendant") respectfully moves to this Court for an order striking Plaintiff's expert witness and the report prepared by Plaintiff's expert. Pursuant to the Court's Scheduling Order entered on November 8, 2002, the deadline for completing all discovery, including disclosure of expert witnesses was May 8, 2003. Plaintiff did not disclose an expert witness until September 2, 2003, nearly four months after the deadline. Despite being aware of the deadline, Plaintiff served his disclosure of expert witness well outside the time period for conducting discovery and therefore, such disclosure is untimely and in violation of the Court's pretrial deadlines. The deadlines set forth in the Court's scheduling order may not be modified except upon showing of good cause. Plaintiff has failed to either request a modification of the deadlines or show good cause to support such a request. Plaintiff's disclosure of an expert witness at this late date absent good cause for the delay constitutes an abuse of the rules of procedure and unnecessary harassment and annoyance to Defendant. Accordingly, Defendant moves this Court for an order striking Plaintiff's expert witness.

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

**I.     PROCEDURAL BACKGROUND**

Plaintiff initiated this action with the filing of a Complaint in the United States District Court, District of Connecticut, on or about August 23, 2002. Pursuant to this Court's order regarding motion filing procedure, Defendant filed a Motion to Dismiss Counts Two through Six of the Complaint on December 17, 2002. This Court granted Defendant's motion on February 26, 2003, leaving only Count One, a claim for discrimination on the basis of race in violation of Title VII.

The parties submitted a Report of Parties' Planning Meeting on October 31, 2002. On November 8, 2002, this Court adopted, with modification, the Report of Parties' Planning Meeting, setting May 8, 2003, as the deadline for completing <u>all</u> discovery. Specifically, the Court ordered that "discovery is to be completed by [May 8, 2003]; dispositive motions are to be filed on or before [May 22, 2003]. All other deadlines as set forth in the report are to be modified accordingly." Based on the Court's order modifying the parties' proposed deadlines Plaintiff had until May 8, 2003 to disclose an expert witness.

Pursuant to this Court's order regarding motion filing procedure, Defendant served Plaintiff with a copy of Defendant's Motion for Summary Judgment and supporting materials on June 6, 2003.[1] Plaintiff has not yet served Defendant with an Opposition brief.

On July 1, 2003, Plaintiff moved for an additional sixty (60) days, up to and including September 1, 2003, in which to complete depositions of fact witnesses. Nowhere in this motion did Plaintiff seek to extend the discovery deadline for purposes of identifying an

---

1/ Having not received an Opposition brief from Plaintiff as of the deadline for doing so, Defendant subsequently filed its motion for summary judgment with the Court. During that time, Plaintiff requested an extension of time until October 1, 2003. The Court denied Defendant's motion without prejudice to re-file. Once Plaintiff's Opposition brief is received, Defendant will re-file its motion for summary judgment pursuant to this Court's supplemental order regarding motion filing procedures.

expert witness. The Court initially granted Plaintiff's motion, but later upon being moved by Defendant, reconsidered the matter and reduced the time permitted for Plaintiff to take depositions based on Plaintiff's failure to show good cause for not conducting the depositions during the permitted time frame.

On September 2, 2003, Plaintiff served Defendant with a disclosure of expert witness and an economic damages analysis report prepared Arthur Wright, Ph.D. The deadline for completing all discovery, including the deadline for disclosing an expert witness, expired on May 8, 2003. Thus, Plaintiff's disclosure is untimely. As Plaintiff's disclosure violates the pretrial deadlines ordered by this Court, and Plaintiff failed to show good cause for any modification of those deadlines, Defendant now moves this Court for an order striking Plaintiff's expert witness.

## II.  LEGAL ANALYSIS

### A.  Plaintiff's Disclosure of Expert Witness is Untimely.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties were required to confer for the purpose of, among other things, "develop a proposed discovery plan that indicates the parties' views and proposals concerning... (2) the subjects on which discovery may be needed, [and] when discovery should be completed." Fed. R. Civ. P. 26(f). the parties submitted a report of parties' planning meeting on October 31, 2002, proposing a discovery deadline of July 1, 2003. The deadline for Plaintiff to disclose an expert witness was proposed to be September 1, 2003.

Pursuant to Rule 16(b), on November 8, 2002, this Court entered a Scheduling Order which adopted the Report of Parties' Planning Meeting, but modified the parties' proposed deadlines. The Court ordered that "discovery is to be completed by [May 8, 2003]; dispositive

motions are to be filed on or before [May 22, 2003]. All other deadlines as set forth in the report are to be modified accordingly." Thus, pursuant to the Court's Scheduling Order, the deadline for completing discovery, including disclosure of expert witnesses, was at the latest May 8, 2003. Plaintiff failed to disclose an expert on or before May 8, 2003. Instead, Plaintiff served Defendant with a disclosure of expert witness on September 2, 2003, nearly four months after the discovery deadline passed.

### B. Plaintiff's Untimely Disclosure of Expert Witness Does Not Satisfy the Good Cause Standard Required Under Rule 16(b).

Pursuant to Rule 16(b)(6), "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge..." Fed. R. Civ. P. 16(b)(6) (emphasis added). The implementation of the good cause standard for changes to a court ordered schedule provides the parties with a "measure of certainty in pretrial proceedings." See Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-340 (2d Cir. 2000) (citation omitted) (denying untimely motion to amend). To allow untimely, last minute changes would render the Court's Scheduling Order "meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam). (denying a plaintiff's motion to amend after deadline established in scheduling order).

The Second Circuit has provided guidance regarding the good cause standard under Rule 16(b). It is a heightened standard as compared with the standard for granting other motions or requests under the Federal Rules. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-340 (2d Cir. 2000) (comparing the "good cause" standard in F.R.C.P. 16(a)(6) with the more lenient standard of F.R.C.P. 15(a)). Pursuant to Federal Rule 16(a)(6), a scheduling order

4

"shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(a)(6). Interpreting Rule 16's good cause standard, the Second Circuit has joined other circuits which recognize there to be a heightened burden where a party seeks modify a Court's Scheduling Order. See Parker, 204 F.3d at 339-340 (citing Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."); In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000) ("When the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order."); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15."); Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1154-55 (1st Cir. 1992) (refusing to allow an amendment after the scheduling order deadline despite the lenient standards of Rule 15(a) because "the allowance of an amendment would have nullified the purpose of rule 16(b)(1)").

Plaintiff did not even request a modification to the Court's scheduling order to permit Plaintiff to disclose an expert witness after the discovery deadline. Moreover, Plaintiff has provided no information or justification to support a showing of good cause as is required by Rule 16(b). Accordingly, Plaintiff's disclosure of expert witness should be stricken.

5

### C. Allowing Plaintiff's Untimely Disclosure of Expert Witness to Proceed Would Result in Unfair Surprise, Harassment and Undue Prejudice Against Defendant.

Plaintiff failed to disclose an expert witness during the time for completing discovery established by this Court's Scheduling Order. That deadline passed on May 8, 2003. Plaintiff delayed four months to disclose an expert witness, not doing so until September 2, 2003. Permitting Plaintiff to disclose an expert at this late stage would result in unfair surprise and undue prejudice against Defendant. In the interests of justice, Plaintiff's expert witness and export report should be stricken, and Plaintiff precluded from relying on either in this matter.

The Federal Rules of Civil Procedure require that parties engaged in litigation are obliged to "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). "The purpose of this rule is to give parties a reasonable opportunity to prepare an effective cross-examination of the opposing parties' expert witnesses and, if necessary, arrange for testimony from other experts." Hyun v. South Kent School, No. 3:95CV2235(AHN), 1997 U.S. Dist. LEXIS 14622 (D. Conn. Sept. 17, 1997) (citing 6 James W. Moore et al., Moore's Federal Practice, § 26.23[2] (3d ed. 1997) (copy attached at Exhibit 1).

The Federal Rules also establish a timeframe for the disclosure of expert testimony. See Fed. R. Civ. P. 26(a)(2)(C). Rule 26 requires that, "expert witness disclosures shall be made either at the time directed by the court or agreed to by stipulation or, in the absence of such an order or stipulation[,] at least 90 days before the trial date or the date the case is to be ready for trial." See 6 Moore et al., § 26.23[3]. "A party that without substantial justification fails to disclose information required by Rule 26(a)... shall not, unless such failure is harmless, be permitted to use as evidence at a trial... any witness... not so disclosed." Hyun, at * 3 (quoting

6

Fed. R. Civ. P. 37(c)(1)).  Compliance with Rule 26 is necessary for "the elimination of unfair surprise to the opposing party and the conservation of resources." Id.

In Hyun v. South Kent School, the district court precluded the plaintiffs from calling their expert at trial based on the untimely disclosure.  In so finding, the Honorable Judge Nevas relied on three factors: (1) plaintiff's counsel failed to provide an explanation for the delay; (2) the defendant was put at a disadvantage by the untimely disclosure; and (3) the length of the delay was egregious. Hyun, at *5-6.  Each of these factors, when applied to the circumstances of the present matter warrants a conclusion that justice requires Plaintiff's expert be stricken and precluded from testifying or presenting evidence in this matter.

Here Plaintiff's counsel has failed to offer any explanation for not disclosing an expert prior to the close of discovery or for the four month delay before finally doing so.  Indeed, Plaintiff did not even submit a request to the Court for an extension of time or modification of the discovery deadline for disclosing an expert.

Defendant also will be greatly prejudiced by allowing Plaintiff's late disclosure to proceed.  As mentioned above, Defendant has already provided Plaintiff with its Motion for Summary Judgment and laid out its theory of the case.  Moreover, Defendant relied on Plaintiff's non-disclosure of an expert at the time discovery closed and concluded that Plaintiff did not intend to engage an expert.  Due to the lengthy passage of time and expiration of deadlines, Defendant has been inconvenienced by this last minute disclosure.  In addition, Defendant has already been subjected to harassment and prejudice due to Plaintiff's failure to conduct discovery during the time allowed.  In fact, Plaintiff did not complete depositions of fact witnesses until September 16, 2003.

The delay of Plaintiff's disclosure of an expert of nearly four months is egregious

given the circumstances. As mentioned above, the parties have had ample time to conduct discovery. During the discovery period, Plaintiff did not take any depositions and did not disclose an expert. After the close of discovery, Defendant prepared a Motion for Summary Judgment, which was served on Plaintiff on June 6, 2003, pursuant to the Court's supplemental order regarding motion filing procedures. After receiving Defendant's motion, Plaintiff requested an additional 60 days in which to take depositions of fact witnesses. No additional time was requested to disclose an expert witness. The Court initially granted Plaintiff's request, but following Defendant's Motion to Reconsider, the Court issued a second ruling dated July 16, 2003, in which Judge Dorsey agreed that the discovery deadline had passed and Plaintiff failed to demonstrate good cause for failing to conduct discovery during the time permitted. Given the Court's ruling on this issue, Plaintiff was on notice that the time for completing discovery had passed. Yet, Plaintiff waited well over a month to serve Defendant with his disclosure of expert witness.

Plaintiff's disclosure of expert witness comes four months after the expiration of the discovery deadline. Despite being well aware of this deadline, Plaintiff did not request a modification of the discovery deadline or any additional time to disclose an expert, and offered no explanation for the lengthy delay. Due to this inordinate delay, Defendant is greatly prejudiced by Plaintiff's late disclosure. As mentioned, Defendant has already prepared and served Plaintiff with a motion for summary judgment. The time frame for Defendant to depose Plaintiff's expert, or to engage an expert of its own has long passed. Defendant should not now have to expend the time and resources to necessary to respond to Plaintiff's untimely disclosure. It is therefore appropriate for this Court to strike Plaintiff's expert and preclude the expert from testifying at trial and further preclude any report prepared by said expert from being introduced

as evidence in this matter. See Law v. Camp, Civ. No. 00-9031, 2001 U.S. App. LEXIS 17342 at *5 (2d Cir. 2001) ("It was not an abuse of discretion for the district court to preclude the testimony of expert witnesses who were untimely designated.").

### III.    CONCLUSION

WHEREFORE, Defendant hereby moves this Court for an order striking Plaintiff's expert witness and the report prepared by Plaintiff's expert.

DEFENDANT,
IKON OFFICE SOLUTIONS, INC.,

By: _____
Michael G. Petrie (ct 22789)
William J. Anthony (ct 17865)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105
(860) 522-0404

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by U.S. mail, postage prepaid, on this 26th day of September, 2003, to the following counsel of record:

>Joseph A. Moniz, Esq.
>Moniz, Cooper & McCann, LLP
>100 Allyn Street
>Hartford, CT 06103
>860-278-0200

_____
Michael G. Petrie

H:\Client Folder\I\Ikon Office Solutions\Atterberry\Pld\motion to strike pl's expert.DOC