**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GREGORY ATTERBERRY | : | CIVIL ACTION |
|    Plaintiff | : | FILE NO. 3:02CV14901(PCD) |
| v. | : | |
| | : | |
| IKON OFFICE SOLUTIONS, INC. | : | |
|    Defendant | : | OCTOBER 14, 2003 |

## PLAINTIFF'S OBJECTION TO MOTION TO STRIKE

The Defendant, IKON Office Solutions, Inc, has objected to the Plaintiff's disclosure of an economist as "well outside the time period for conducting discovery," thus "violating the Court's pretrial deadline" and resulting in "unnecessary <u>harassment</u> and <u>prejudice</u> against Defendant." (Def. Mot. p. 1.) (Emphasis added.) The Plaintiff respectfully objects to Defendant's motion as disingenuous in the stated reasons supporting it and as being contrary to the spirit of the Local and Federal Rules of Discovery of expert testimony. Furthermore, the Defendant's claim of suffering "unnecessary harassment and prejudice" by Plaintiff's disclosure of one economic expert is contradicted by its own argument to the timing of disclosure of experts by the Plaintiff, and the Court should not be fooled by Defendant's misleading arguments.

      The Plaintiff simply misread the Court's modification to the Report of Parties' Planning

Meeting dated October 31, 2002 by which both the Plaintiff and Defendant agreed that Plaintiff's experts would be disclosed by September 1, 2003.  (See attached Rep. of Parties' Planning Meeting, 10/31/02 "Report.")  That original scheduling agreement between the Plaintiff and Defendant reflects the parties' acceptance that the filing of dispositive motions, i.e., summary judgment, would not be dependent upon expert testimony.  For that reason, the Defendant was not required to depose Plaintiff's experts until after it was required to file dispositive motions.  (Rep. at D. 7 and F.)  Defendant presumably agreed with that sequence of discovery because it did not anticipate the need to conduct expert discovery before the deadline for dispositive motions.  In fact, the disclosure of an economist by the Plaintiff, as is typically the case, has no bearing whatsoever on the issues for summary judgment in this case.  There cannot therefore be any harassment or prejudice as Defendant claims.

    WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that the Court deny the Defendant's Motion to Strike in its entirety.

                                                 PLAINTIFF

                                                 By_____
                                                     Joseph A. Moniz (ct04316)
                                                     Moniz, Cooper & McCann, LLP
                                                     100 Allyn Street
                                                     Hartford, CT  06103
                                                     Tel. (860) 278-0200
                                                     His Attorneys

## **CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was hand delivered this date to:

Michael G. Petrie, Esq.
Jackson Lewis LLP
55 Farmington Avenue
Suite 1200
Hartford, CT  06105

                                                              Joseph A. Moniz