UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY ATTERBERRY | : | CIVIL ACTION |
|    Plaintiff | : | FILE NO. 3:02CV14901(PCD) |
| v. | : | |
| | : | |
| IKON OFFICE SOLUTIONS, INC. | : | |
|    Defendant | : | OCTOBER 14, 2003 |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO STRIKE

**I.     INTRODUCTION**

The Defendant, IKON Office Solutions, Inc, has objected to Plaintiff's disclosure of an economic expert on September 2, 2003 as "well outside the time period for conducting discovery" thus "violating the Court's pretrial deadline" and resulting in "unnecessary harassment and prejudice against defendant." (Def. Mem. p. 1.)  The Defendant's claims of suffering unnecessary harassment and prejudice by this expert disclosure is simply not true. The Plaintiff's disclosure of Arthur Wright as his economist was done in accordance with the Report of Parties' Planning Meeting dated October 31, 2002 and more than 90 days before trial. The expert disclosure was, however, mistakenly filed beyond the modification by the Court to the originally agreed upon date between the parties.  This "failure" by Plaintiff to disclose his

expert within the time as modified by the Court is harmless and the Defendant's motion should be denied.

## II.   FACTS

By Complaint dated August 23, 2002 Plaintiff in six counts challenged his termination by Defendant as discriminatory in violation of federal and state laws.  The Court on February 26, 2003 granted Defendant's motion to dismiss counts two through six of the Complaint leaving only the Title VII claim.  On October 31, 2002, pursuant to Rules 16(b) and 26(f) and Local Rule 38, the Plaintiff and Defendant submitted to the Court their mutually agreed upon Report of Parties' Planning Meeting.  Pursuant to this case management plan the parties agreed as follows:

> 3. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced no earlier than November 1, 2002. All discovery, except that concerning expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by July 1, 2003.  (Emphasis added.)

As to expert witnesses, the parties agreed as follows:

> 7.    Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a((2) by September 1, 2003. Depositions of any such expert will be completed by October 1, 2003.  (Emphasis added.)

The Court on November 8, 2002 in a ruling in the margin of the Report filed on November 4, 2002 "APPROVED & ADOPTED IN PART" the parties' agreed upon schedule as follows:

> APPROVED & ADOPTED IN PART.  Discovery is to be completed by 5/8/03; dispositive motions are to be filed on or before 5/22/03.  All other deadlines as set forth in the Report are to be modified accordingly.  SO ORDERED.

On September 2, 2003, pursuant to Rule 26(a)(2), Plaintiff disclosed his economic expert, Arthur Wright, along with his report on the economic losses suffered by the Plaintiff.

## II.     ARGUMENT

### A. Plaintiff's Disclosure of His Economic Expert Did Not Cause Prejudice or Harass the Defendant.

The Defendant's Motion to Strike the economic expert disclosed by Plaintiff on September 2, 2003 is based upon its claim that this "late" disclosure violated the Court's deadlines, and that since there was no good cause shown and Defendant suffered "harassment and prejudice," the motion should be granted.  The purpose of Rule 26(a)(2) pursuant to which Plaintiff's expert was disclosed "is to give parties a reasonable opportunity to prepare an effective cross-examination of the opposing parties' expert witness and, if necessary, arrange for testimony from other experts."  Moore's Federal Practice, § 26.23[2] (3d ed. 1997.) Pursuant to Rule 26(a) experts shall be disclosed "either at the time directed by the court or

<u>agreed to by stipulation</u>, or in the absence of such an order or stipulation[s] at least 90 days before the trial date or the date the case is to be ready for trial." <u>Id.</u> at § 26.23[3].  (Emphasis added.)

In the present case, the parties agreed to complete "[a]ll discovery, except that concerning expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4)" by July 1, 2003. (Rep. at ¶ 3.) The parties agreed that Plaintiff would designate experts and provide reports by September 1, 2003, with the depositions of such experts to be taken by October 1, 2003. The Defendant would then disclose its experts by October 31, 2003, with depositions of such experts by November 30, 2003.  The Court "APPROVED & ADOPTED IN PART" this schedule, addressing only that "[d]iscovery is to be completed by 5/8/03; dispositive motions are to be filed on or before 5/22/03."  The Court added that "[a]ll other deadlines as set forth in the Report are to be modified accordingly."

The Defendant's claim is that the Court modified the parties' stipulation by requiring the completion of <u>all</u> discovery "including disclosure of expert witnesses" by May 8, 2003. Taken literally, the modification as argued by Defendant would have required <u>it</u> <u>too</u> to complete "all discovery" by May 8, 2003, including disclosure of its experts <u>and</u> the completion of their depositions by that same date.  We think the more practical reading of the Court's modification would be that it addressed "[a]ll discovery except that concerning expert

witnesses" (See Rep. ¶ 3) when it ruled that discovery should be completed by May 8, 2003 and dispositive motions filed by May 22, 2003. That would certainly be consistent with the parties' intent to complete fact discovery followed by the filing of dispositive motions <u>before</u> the completion of expert discovery.[1] It would make little sense that the parties would complete disclosure and depositions of experts by May 8, 2003.

      No matter the Court's intentions, the Defendant has suffered no prejudice or harassment as it claims by the Plaintiff's disclosure of an economist as his only expert. The purpose of Rule 26(a)'s disclosure requirements is to give parties a reasonable opportunity to prepare an effective cross-examination at trial and to <u>if necessary</u> arrange for their own expert testimony. <u>Moore's Fed. Prac.</u>, <u>supra</u> at § 26.23[2]. There is no trial date scheduled in this case. More important, the issues addressed by this expert relate solely to <u>damages</u>, not liability, which is the sole issue addressed in Defendant's summary judgment motion. Further, if the Defendant believed it were necessary to complete expert discovery for purposes of its dispositive motion, it would <u>not</u> have agreed to a schedule of discovery that contemplated dispositive motions being filed without the benefit of completing discovery of our expert.

      The case relied upon by Defendant is of no help to its claim. See <u>Won Joo Hyun v.</u>

---

[1] We represent to the Court that our filing the expert disclosure on September 2, 2003 was based upon our assumption that the Court's modification did not change the expert disclosure date. In hindsight, the Court may have "modified accordingly" that deadline to 3 months after fact discovery, i.e., August 8, 2003, with Defendant's date adjusted in turn.

South Kent School, 1977 U.S. Dist. LEXIS 14622.  That was a case where the plaintiff disclosed his expert on liability and damages on the eve of trial and one year after he was so required.  That case goes to the heart of the purpose of Rule 26(a)'s disclosure requirements, i.e., unfair surprise.

    There is no surprise here. There is no prejudice to the Defendant here.  And its claim of being harassed by this disclosure is baseless and not made in good faith.  As contemplated by Rule 26(a) itself, where a late disclosure (if indeed this is late) is harmless, it should not preclude the expert testimony at trial. Fed. R. Civ. P. 37(c)(1).  None of the factors present in the cases cited by Defendant are present here.

    We note finally that the subject matter of this disclosure, i.e., the economic losses suffered by the Plaintiff, are presented in virtually every employment discrimination case. Counsel for the Defendant specialize in "Representing Management Exclusively in Workplace Law and Related Litigation" in no less than 20 major cities throughout the United States.  (See letter to clerk's office dated September 26, 2003.)  Defendant cannot in good faith and with its expertise and resources on such a basic aspect of employment cases claim harassment or prejudice. The Court should deny its motion as baseless.

## IV. CONCLUSION

For the reasons stated above, the Defendant's Motion to Strike Plaintiff's expert should be denied in its entirety.

                        PLAINTIFF

                        By_____
                            Joseph A. Moniz (ct04316)
                            Moniz, Cooper & McCann, LLP
                            100 Allyn Street
                            Hartford, CT  06103
                            Tel. (860) 278-0200
                            His Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was hand delivered this date to:

Michael G. Petrie, Esq.
Jackson Lewis LLP
55 Farmington Avenue
Suite 1200
Hartford, CT  06105


                            _____
                            Joseph A. Moniz