UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Oct 27  3 35 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

Gregory ATTERBERRY,
    Plaintiff,

v.     : Civ. No. 3:02cv1490(PCD)

IKON OFFICE SOLUTIONS, INC.,
    Defendant.

**RULING ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT**

Defendant moves to strike Plaintiff's expert witness. For the reasons stated herein, Defendant's motion is **denied**.

**I.  Discussion**

Defendant moves to strike Plaintiff's expert witness because Plaintiff did not disclose an expert witness until nearly four months after the discovery deadline had passed. Defendant argues that Plaintiff neither sought an extension of time nor established good cause for the delay. Defendant contends that Plaintiff's delay "constitutes an abuse of the rules of procedure and unnecessary harassment and annoyance to Defendant."

Pursuant to the Federal Rules of Civil Procedure, a party must "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." FED. R. CIV. P. 26(a)(2)(A). The Rules establish a specific timetable for the disclosure of expert testimony, FED. R. CIV. P. 26(a)(2)(C), and provide that "a [court's] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b).

In October 2002 the parties submitted their Report of Parties' Planning Meeting, in which the parties stated that "Plaintiff will designate all trial experts and provide opposing

counsel with reports from retained experts . . . by September 1, 2003." [Doc. No. 9 ¶ 7]. In a margin endorsement, the Court approved and adopted the parties proposed schedule in part, directing that "[d]iscovery is to be completed by May 8, 2003; dispositive motions are to be filed on or before May 22, 2003. All other deadlines as set forth in the Report are to be modified accordingly." [Doc. No. 9].

Defendant argues that "the deadline for completing all discovery, including disclosure of expert witnesses was May 8, 2003." Plaintiff responds that he did not believe that the Court's order closing discovery on May 8, 2003 included a requirement that experts be disclosed by that date, given the language in the endorsement stating "[a]ll other deadlines as set forth in the Report are to be modified accordingly," and given that the parties themselves had contemplated that the experts would be disclosed after their own proposed discovery deadline. Plaintiff represents that his filing of the expert report on September 2, 2003 "was based on [his] assumption that the Court's modification did not change the expert disclosure date. In hindsight, the Court may have 'modified accordingly' that deadline to three months after discovery [August 8, 2003]." Plaintiff also states that the only issue the expert will testify on is damages (and not liability, which is the subject of Defendant's summary judgment motion).

As noted, after a scheduling order is entered, it "shall not be modified except upon a showing of good cause." FED. R. CIV. P. 16(b). "'Good cause'" means that despite the moving party's diligence the schedule cannot be reasonably met." *AMW Materials Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67 (E.D.N.Y. 2003) (citation omitted). "A trial court enjoys wide discretion in its handling of pre-trial discovery." *Am. Sav. Bank, FSB v. UBS*

*PaineWebber, Inc. (In re Fitch, Inc.)*, 330 F.3d 104, 108 (2d Cir. 2003). Generally, inadvertence does not constitute good cause. *AMW Materials Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 71 (E.D.N.Y. 2003). Defendant cites to *Hyun v. South Kent School*, Civ. No. 3:95CV2235, 1997 U.S. Dist. LEXIS 14622 (D. Conn. Sept. 17, 1997) to support its argument, noting that the court precluded the plaintiffs from calling their expert witness at trial because of an untimely disclosure. In *Hyun*, the court noted that the party disclosed its expert more than a year after the deadline expired, and found this unexplained lengthy delay to be "egregious." *Hyun*, 1997 U.S. Dist. LEXIS 14622, at *6-*7. The defendant had argued that the delinquent disclosure "impede[d] its entire defense strategy." *Id.* at *2. The court found that given "the technical and specialized nature of [the expert's] proposed evidence" it would be burdensome for the other party to obtain rebuttal experts on the eve of trial. *Id.* at *6.

Here, given (1) that the scheduling order did not clearly specify the deadline for disclosing Plaintiff's expert witness, (2) that the parties clearly contemplated that the experts would be disclosed after discovery ended, and (3) that Plaintiff represents that the expert relates to the issue of damages and not to the issue of liability and therefore would not affect Defendant's summary judgment motion, good cause is shown. In contrast to *Hyun*, where the expert's proposed testimony involved multiple complex issues, here Plaintiff represents that his expert will only testify on the issue of damages (and not liability). Unlike *Hyun*, here Plaintiff did not wait until the eve of trial to disclose the expert witness. Although Defendant argues that Plaintiff's delay constitutes "an abuse of the rules of procedure and results in unnecessary harassment and prejudice against Defendant," it fails to specify any facts

showing harassment or prejudice.

Accordingly, Defendant's motion to strike is **denied**.

## II. Conclusion

For the reasons stated herein, Defendant's motion to strike Plaintiff's expert witness [Doc. No. 40] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, October 27, 2003.

_____
Peter C. Dorsey
Senior United States District Judge