UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| GREGORY ATTERBERRY<br>    Plaintiff,<br><br>v.<br><br>IKON OFFICE SOLUTIONS, INC.,<br>    Defendant. | :<br>:<br>:<br>: Civil No. 3:02CV14901(PCD)<br>:<br>:<br>: November 17, 2003<br>:<br>: |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7(d) of the United States District Court for the District of Connecticut, Defendant, IKON Office Solutions, Inc. ("IKON" or "Defendant"), hereby submits its Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Defendant moved for summary judgment on the First Count of Plaintiff's Complaint, which alleged race and color discrimination in violation of Title VII. Defendant further requested the entry of default judgment on all counterclaims, or in the alternative, summary judgment on its First, Third, Fifth and Sixth Counterclaims. Plaintiff did not oppose Defendant's request for the entry of default or its motion for summary judgment on the First, Third, Fifth and Sixth Counterclaims. Thus, a judgment should be entered in favor of Defendant on all of its Counterclaims. Accordingly, this Reply to Plaintiff's Opposition to Summary Judgment is confined to a discussion of summary judgment on the First Count of Plaintiff's complaint.

I.   INTRODUCTION

Defendant IKON is entitled to summary judgment on the First Count of Plaintiff's complaint because Plaintiff has failed to create a genuine issue of fact regarding IKON's

legitimate, non-discriminatory reason for his termination. Plaintiff admits that he: 1) stole company property on more than one occasion; 2) sold this property for his own personal financial gain; 3) knew at the time that his conduct violated company policy; and 4) knew that he could be terminated for his conduct. In opposition to Defendant's motion for summary judgment, Plaintiff did not introduce any evidence showing that other employees who engaged in the same or similar conduct were treated differently. Plaintiff has also failed to introduce one shred of evidence showing discriminatory animus on the part of the Robert Sullivan, the person who made the decision to terminate Plaintiff. IKON, therefore, is entitled to judgment as a matter of law on the First Count of Plaintiff's Complaint.

**II.    ARGUMENT**

    **A.    Plaintiff Has Introduced No Evidence Of Similarly Situated Employees Outside Of His Protected Class Who Were Treated Better Than He Was**

Plaintiff's discrimination claim must fail because he cannot identify a single person who engaged in comparable conduct known to IKON who was treated differently than he was treated. See Graham v. Long Island Railroad, 230 F.3d 34, 39 (2d Cir. 2000) (an inference of discrimination is only established if "the employer subjected [plaintiff] to disparate treatment, that is, treated him less favorably than a similarly situated employee outside his protected group.") See Shumway v. United Parcel Service, Inc., 118 F.3d 60, 64 (2d Cir. 1997) (affirming summary judgment for employer because plaintiff "failed to allege facts sufficient to support the last element of a *prima facie* case -- that similarly situated males were treated differently."); Ponticelli v. Zurich American Ins. Group, 16 F. Supp. 2d 414, 427 (S.D.N.Y. 1998) (granting summary judgment in favor of employer where employee, who was terminated for performance problems including suspicion or forging documents, had "not pointed to a single similarly

situated [employee] who . . . was believed to have forged signatures or whose work was regarded as unsatisfactory, who received different treatment.")

It is undisputed that Plaintiff stole and sold IKON equipment for his own profit on more than one occasion (Statement of Facts Not In Dispute ¶¶ 23, 44); that Plaintiff knew that such conduct was prohibited by company policy (Statement of Facts Not In Dispute ¶¶ 23, 30); and that he knew he would be subject to termination for this violation of company policy. (Statement of Facts Not In Dispute ¶ 43.)  Plaintiff has failed to point to one employee who also stole company property on more than one occasion, sold it for his or her own benefit, and was not also terminated.  In fact, to the contrary, it is undisputed that the only other employee that IKON concluded had engaged in conduct even arguably similar to Plaintiff's conduct was treated the same as he was.  This other employee, who was white, was in possession of (but had not sold for his own financial benefit) used IKON equipment.  IKON immediately terminated this employee's employment. (Statement of Facts Not In Dispute ¶¶ 34, 35, 38.)

Plaintiff's unsubstantiated allegation in his Opposition to Defendant's Motion for Summary Judgment ("Opposition") that Philip Silverstein, Stephen Bailey[1] and Donald Benjamin engaged in the practice of selling used equipment for their own benefit (Opposition, ¶ 10) is insufficient to create an issue of fact.  Mr. Silverstein, Mr. Bailey and Mr. Benjamin were not similarly situated to Plaintiff because it is undisputed that they were never found to have sold used equipment for their own benefit on more than one occasion.[2]  See Shumway v. United Parcel Service, Inc., 118 F.3d 60, 64 (2d Cir. 1997) ("individual with whom [a plaintiff] attempts

---

[1] Significantly, in Mr. Bailey's letter provided in support of Plaintiff's Opposition to Summary Judgment, Mr. Bailey does not admit to engaging in this alleged conduct.
[2] Plaintiff generally alleges in his Opposition that these individuals engaged in the practice of keeping or selling used equipment; however, he fails to provide any specific information and fails to allege the source of his information (e.g., whether it is based on personal knowledge or hearsay). (Opposition, ¶¶ 6, 10).  Moreover, he does not cite any evidence that IKON was aware of this conduct.

3

to compare [himself] must be similarly situated in all material respects.")[3]; Graham v. Long Island Railroad, 230 F.3d 34, 39 (2d Cir. 2000) (to be similarly situated in all material respects, the condition for which discipline was imposed must have been of "comparable seriousness" and there must be a "reasonably close resemblance of the facts and circumstances); Brown v. Middaugh, 41 F. Supp. 2d 172, 184 (N.D.N.Y. 1999) ("[T]he issue of whether fellow employees are similarly situated is somewhat strict."); Jenkins v. Area Coop. Educ. Servs., 248 F. Supp. 2d 117 (D. Conn. 2003) (black former employee, who received several speeding tickets while transporting school children, was not similarly situated to white employees whom he alleged received speeding tickets, not while transporting children); Augustus v. MSG Metro Channel, 217 F. Supp. 2d 458 (S.D.N.Y. 2002) (female employee who was terminated for tardiness, poor research skills and poor attitude failed to show that a male co-worker who was not fired had problems in all these areas, and, thus, did not establish that she was similarly situated to the coworker.)

Plaintiff admits that all employees that he alleged had engaged in similar conduct were investigated by both IKON and the Glastonbury Police Department and that no evidence was found that these individuals possessed stolen equipment or stole or sold IKON equipment for their own profit. (Statement of Facts Not In Dispute ¶¶ 31, 33, 36, 37, 39.) Plaintiff further admits that he did not know if IKON or the Glastonbury Police were aware or had any evidence

---

[3] In Shumway, a female employee sued for sex discrimination after she claimed that she was forced to resign because she violated the company's non-fraternization policy by dating a male hourly employee. The plaintiff claimed that numerous male employees violated the non-fraternization policy and were not also disciplined. In affirming summary judgment in favor of the employer, the Court concluded that plaintiff had introduced no facts to show that she was similarly situated to these male employees because she "did not present any evidence that any of the other offending employees dated an hourly employee for over two years . . . harassed that hourly employee when the relationship ended, had a complaint regarding her conduct brought against her and then lied about the misconduct when confronted." Id. at 64.

that other employees had possessed stolen equipment or stole or sold IKON equipment for their own profit. (Statement of Facts Not In Dispute ¶ 40.)

Plaintiff's claim that Kim Coen, another Major Account Representative, approached him about selling a used fax machine to her husband for his business also fails to create a material issue of fact since Ms. Coen's alleged conduct undisputedly was not similar to that of Plaintiff's. Ms. Coen did not, like Plaintiff, sell stolen IKON property and pocket the money. Plaintiff fails to present evidence that Ms. Coen *ever* sold used equipment belonging to the company for her own financial benefit. Moreover, even assuming Plaintiff's allegation about Ms. Coen's conduct to be true, Plaintiff has failed to introduce any evidence showing that management knew of Ms. Coen's alleged conduct and failed to take any action.

Plaintiff's general, unsupported allegation that selling used equipment was a "long standing practice" known to or practiced by other IKON salespeople also does not save his claim. Plaintiff has failed to introduce any facts showing that the person making the decision to terminate his employment on the basis of his participation in this alleged practice knew about or sanctioned this alleged practice. In fact, the undisputed evidence is that IKON enacted clear policies against this type of conduct. (Statement of Facts Not In Dispute ¶¶ 4 – 12.) Moreover, the undisputed evidence shows that when Robert Sullivan, President for IKON's Hartford Marketplace (and the person responsible for Plaintiff's termination) became aware of Plaintiff's claims that other employees had engaged in this practice, he requested that the police continue their investigations and arrest any IKON employees who may have committed crimes. (Statement of Facts Not In Dispute ¶ 32.)

Furthermore, this type of general, unsupported allegation is insufficient to oppose summary judgment. In Shumway v. United Parcel Service, Inc., 118 F.3d 60, 64 (2d Cir. 1997),

the Court concluded that a plaintiff's general allegation that "numerous male supervisory employees violated the [no fraternization] policy . . . and no disciplinary action was taken against these employees" was insufficient to oppose summary judgment. As stated in <u>Shumway</u>:

> To make matters worse, Shumway admits that in most of the cases she cites she has no personal knowledge of the alleged violations but heard about them because they were 'common knowledge.' Shumway also admits that she never reported any of these alleged violations, nor does she have any knowledge of anyone else reporting these incidents. It is impossible to demonstrate that UPS treated similarly situated males differently when there is no evidence that UPS knew about any other violations of the "no fraternization" rule. Shumway's allegations, generously construed, are little more than conclusory statements of no probative value. She claims, for example, that 'from 1975 to 1991, numerous male supervisory employees violated the policy by fraternizing with female clerical employees,' and that 'despite this prohibition numerous male managers and supervisors violated this policy and no disciplinary action was taken against these employees.' Such sweeping allegations unsupported by admissible evidence do not raise a genuine issue of material fact. <u>Shumway</u> at 64-65. (Citations omitted.)

Similarly, in <u>Graham v. Long Island Railroad</u>, 230 F.3d 34 (2d Cir. 2000), the Court concluded that the plaintiff's "bare assertion" that the employer gave last chance waivers automatically for first time drug and alcohol offenders as a matter of custom and policy, that he did not get such a waiver and that one white employee did was insufficient to oppose summary judgment. As stated by the Court, "Such isolated evidence is insufficient to make a showing that [defendant] maintained a policy or custom." <u>Id.</u> at 39.

Finally, the affidavits and statements Plaintiff has offered in support of his claim that selling used equipment was a "common practice" are insufficient to oppose IKON's motion for summary judgment. In support of this claim, Plaintiff has offered unsworn statements by David Milardo and Stephen Bailey. These statements are not proper evidence to defeat a motion for summary judgment. See <u>Little v. BP Exploration & Oil Co.</u>, 265 F.3d 357, 363 n.3 (6th Cir. 2001) (in Title VII retaliation action, affirming district court's refusal to consider co-worker's

6

letter stating that company had urged employees to file false charges against the plaintiff after he filed an EEOC charge, where the letter was unsworn, was not given under penalty of perjury, certified as true and correct and was not dated and signed); Mays v. Rhodes, 255 F.3d 644, 648 (8th Cir. 2001) (unsigned handwritten account and unsworn accounts of events could not be used to oppose summary judgment); Watts v. Kroger Co., 170 F.3d 505, 508-09 (5th Cir. 1999) (district court did not abuse its discretion in striking the handwritten statement made by the employment discrimination plaintiff's co-workers, submitted in connection with her opposition to summary judgment, when the statements were unsworn and were not presented to the court in the form required by the summary judgment rule); Tinsley v. First Union National Bank, 155 F.3d 435, 443 (4th Cir. 1998) (unsworn statement is not competent evidence to be considered on summary judgment in employment discrimination case).

      The affidavit of Lynanne Myarady also is insufficient evidence in opposition to summary judgment because the affidavit fails to specify a single person who engaged in the practice of selling used equipment. Finally, both the affidavits of Lynanne Myarady and Ralph Sagrillo fail to create a genuine issue of fact because neither affidavit alleges that the alleged practice of selling used equipment was known to and/or sanctioned by management. Furthermore, neither affidavit does anything to raise an inference of discrimination – for example, neither affidavit alleges that employees outside of the protected class were permitted to engage in the alleged practice of selling used equipment without incident. See, e.g., Tinsley v. First Union National Bank, 155 F.3d at 443 (concluding that affidavit from plaintiff's co-worker in support of plaintiff's retaliation claim, which stated that management did not like plaintiff was not relevant, as it did not provide any evidence that plaintiff's termination was causally related to her charge of discrimination.)

Finally, Plaintiff's claim that certain high level officials engaged in conduct that allegedly violated the Company's policy against "Fraud, Dishonesty and Criminal Conduct" also fails to create an issue of fact. Plaintiff alleges that Mr. Sullivan, Vice President Sherrie Price, and Vice President of the Northeast Region Jay Singer on two occasions scalped tickets that had been provided by clients. This allegation is nothing more than an attempt to sling mud and/or create a red herring for the Court.

As set forth above, in order to create an inference of discrimination, employees must be similarly situated in all material respects. Mr. Sullivan, Ms. Price and Mr. Singer's alleged conduct is not even remotely comparable to that of Plaintiff. Plaintiff stole company property and used it for his own benefit. Here, Plaintiff does not allege that Mr. Sullivan, Ms. Price or Mr. Singer stole company property. Even accepting Plaintiff's unsubstantiated claim, they simply sold tickets, which were gifts from clients, and, at least in the case of the Red Sox tickets, used the money for the benefit of all the employees on that outing. Plaintiff does not allege that IKON's clients required that the tickets be returned if not used or that there was some other type of policy preventing IKON to do with the tickets as it saw fit. Pursuant to IKON's clear policies, however, Plaintiff was required to return used equipment to inventory and he violated clear company policy in failing to do so. In addition, Plaintiff seems to assume that the act of scalping tickets was illegal; however, Plaintiff has provided no legal support for that proposition. Surely this Court cannot conclude the individuals violated the law simply by selling tickets. Plaintiff's conduct, on the other hand, was a clear violation of the law, upon which Plaintiff pled *nolo contendere* and received a conviction on the misdemeanor offense of Misapplication of Property.

Finally, Plaintiff alleges that Mr. Sullivan, Ms. Price and Mr. Singer's conduct violated the provision in IKON's Code of Ethics regarding "Fraud, Dishonesty and Criminal Conduct." (Opposition, ¶ 7.) Even if this were true, Plaintiff's conduct in stealing and selling company property violated not only this provision in the Code of Ethics, but several other provisions as well, and at least two provisions in the 2001 Compensation Plan for Equipment Sales. (Statement of Facts Not In Dispute, ¶¶ 3-12.) Plaintiff and Mr. Sullivan, Ms. Price and Mr. Singer therefore were not similarly situated and their alleged conduct can hardly be compared.

Plaintiff's claim of discrimination must fail because he has failed to introduce any evidence that other employees engaged in the same or similar conduct giving rise to Plaintiff's termination and were not also terminated. In the absence of any evidence of disparate treatment, IKON is entitled to summary judgment on Plaintiff's claim.

### B.    Plaintiff Has Introduced No Evidence Of Discriminatory Animus

Plaintiff has also failed to introduce any relevant evidence of actions or comments on the part of Robert Sullivan suggesting that he maintained any discriminatory animus. Plaintiff's claim that Mr. Sullivan once used the term "cockroaches," and on another occasion referred to "haves and have-nots" does nothing to suggest discrimination.  (Opposition, ¶ 4, 11.) These alleged comments, which are neutral on their face, are at best stray remarks. The comments are in no way racial or discriminatory. See Evans v. Nine West Group, Inc., 2002 U.S. Dist. LEXIS 6427, **20-22 (E.D. Pa.  2002) (concluding that statement by manager that all people who worked at a particular store, all but one of whom were African-American, were "a bunch of hoodlums" "does not evidence animus of a racial variety") (Attached as Exhibit 1); Hardy v. The Quaker Oats Co., 1996 U.S. Dist. LEXIS 11398, *9 (N.D. Ill. 1996) (concluding that comment that plaintiff was "not a man" "failed to establish that [the supervisor] harbored racial animus or

took any actions based on [plaintiff's] race") (Attached as Exhibit 2); <u>Stafford Cross v. City of Ontario</u>, 67 Fair Empl. Prac. Cas. 725 (C.D. Cal. 1995) (statement by captain to black police officers, "I had to tell my wife that you were police officers and you were not [outside] casing for robbery" was "too attenuated to justify a racist interpretation") (Attached as Exhibit 3.) The fact that Plaintiff may have felt that Mr. Sullivan's remarks were discriminatory is immaterial. <u>See</u> <u>Evans</u> at *22 ("The very fact that, for example, an African-American is insulted does not render that statement actionable; put simply, there is a difference between insulting a black person and insulting a black person *because* she is black.") Moreover, Plaintiff's own testimony about the remarks confirms that they were directed at an entire group, including non-black individuals, and were not motivated by race:

> From there I can remember being in a major account meeting when he was bringing it to MASSIS, which is a major account team, he made a comment in the group – and it was to the group, I'll be clear on this. But he did make a comment that we need to stop being cockroaches. That we should be ants. And I immediately raised my hand and wanted to know why he referred to us as cockroaches. And he said that the analogy was that cockroaches are selfish and they go for themselves. Ants all stick together and carry a piece of bread or loaf that's for the entire group. . . . . Shortly after that we have a regional meeting. And every month you are singled out for either making plan or not making plan. This particular month Mr. Sullivan had the people who made plan, of which I was not, stand up. And the people that did not make plan sit down. And he said, "These are the haves, and the have-nots." (Pl. Dep., ¶¶ 8-9.)

Plaintiff has failed to allege that Mr. Sullivan's comments were racial in nature or were directed at Plaintiff because he is black. To the contrary, the comments are not racial and were directed to all people in the meeting. Because Plaintiff has failed to introduce any evidence of discriminatory animus on the part of Robert Sullivan or any other employee, Plaintiff's claim of discrimination must fail.

### III. CONCLUSION

Plaintiff has failed to introduce any evidence of discrimination. Plaintiff has introduced no relevant evidence of discriminatory comments or actions on the part of decision makers and he has failed to introduce any evidence that he was treated differently from similarly situated individuals outside of his protected class. Plaintiff's claim of race and color discrimination therefore must fail.

WHEREFORE, Defendant respectfully moves for an order entering summary judgment in favor of Defendant, dismissing the First Count of Plaintiff's Complaint and entering an order of default judgment as to each of its Counterclaims, or in the alternative, summary judgment as to Defendant's First, Third, Fifth and Sixth Counterclaims.

DEFENDANT,
IKON OFFICE SOLUTIONS, INC.,

By: _____
William J. Anthony (ct 17865)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105
(860) 522-0404

CERTIFICATION OF SERVICE

      This is to certify that a copy of the foregoing was served via regular mail on this 17th day of November, 2003, to the following counsel of record:

> Joseph A. Moniz, Esq.
> Moniz, Cooper & McCann, LLP
> 100 Allyn Street
> Hartford, CT 06103
> 860-278-0200

_____
William J. Anthony