UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY ATTERBERRY<br>　　Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL NO.: 3:02CV14901(PCD) |
| IKON OFFICE SOLUTIONS, INC.,<br>　　Defendant. | : <br> : <br> : | JANUARY 8, 2004 |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF
JUDGMENT ON DEFAULT</u>**

I.　　<u>PRELIMINARY STATEMENT</u>

　　　　Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Defendant IKON Office Solutions, Inc. ("IKON"), submits this Memorandum of Law in Support of its Motion for Entry of Judgment on the Default of the Plaintiff, Gregory Atterberry.

II.　　<u>PROCEDURAL BACKGROUND</u>

　　　　Plaintiff initiated this action by the filing of a Complaint in the United States District Court, District of Connecticut, on or about August 23, 2002. The Complaint initially contained the following six causes of action:

　　　　1.　　First Count:　　Title VII of the Civil Rights Act of 1964;
　　　　2.　　Second Count:　Connecticut Fair Employment Practices Act;
　　　　3.　　Third Count:　　Negligent Infliction of Emotional Distress;
　　　　4.　　Fourth Count:　Intentional Infliction of Emotional Distress;
　　　　5.　　Fifth Count:　　False Arrest; and
　　　　6.　　Sixth Count:　　Slander.

On December 16, 2002, IKON filed a Motion to Dismiss Counts Two through Six of the Complaint. By decision dated February 26, 2003, this Court granted IKON's motion and dismissed the Second through Sixth Counts of Plaintiff's Complaint, leaving only the First Count

remaining.

IKON filed its Answer, Affirmative Defenses and Counterclaims on March 26, 2003, wherein it asserted the following six Counterclaims:

1. First Counterclaim: Conversion;
2. Second Counterclaim: Breach of Fiduciary Duty;
3. Third Counterclaim: Breach of the Duty of Loyalty;
4. Fourth Counterclaim: Tortious Interference with Business Expectancies;
5. Fifth Counterclaim: Unjust Enrichment; and
6. Sixth Counterclaim: Violation of Connecticut Unfair Trade Practices Act.

Pursuant to Rules 6 and 12(a)(2) of the Federal Rules of Civil Procedure, Plaintiff's was required to "serve a reply" to IKON's Counterclaims "within 20 days after service of" the Answer. Plaintiff's deadline to serve such reply was April 18, 2003. Plaintiff never served a reply.

On June 6, 2003, IKON filed a Motion for Summary Judgment on the only remaining count of the complaint, which alleged race and color discrimination in violation of Title VII. In that Motion, IKON also moved for entry of default on its Counterclaims. By Order dated December 9, 2003, this Court (Dorsey, J.) granted IKON's Motion for Entry of Default absent opposition from the Plaintiff as well as IKON's Motion for Summary Judgment. The Court further ordered that IKON file the instant motion in accordance with Fed. R. Civ. P. 55(b) on or before January 9, 2004.

III.   DISCUSSION OF DAMAGES

IKON prayed for the following relief for its Counterclaims:

1. That each and all of Plaintiff's prayers for relief be denied;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3. That Defendant be awarded judgment on all its Counterclaims;

2

4.    That Plaintiff be compelled to return any and all IKON equipment and supplies wrongfully in his possession; and

5.    That IKON be awarded damages including but not limited to the following:

    a)    the greater of, all proceeds from the sale of used IKON equipment and supplies by Plaintiff, or the fair market value of such equipment and supplies;
    b)    lost profits from business opportunities diverted by Plaintiff;
    c)    loss of prospective business;
    d)    punitive damages;
    e)    damages for harm to corporate reputation and loss of good will;
    f)    reasonable attorneys' fees and costs; and
    g)    such other legal or equitable relief which the Court deems just.

IKON requests, in accordance with Fed. R. Civ. P. 55(b)(2), that this Court conduct a hearing to determine the monetary value of the damages incurred by IKON as a result of Plaintiff's actions or, in the alternative, allow IKON to submit sworn documentation of its losses.

## IV. CONCLUSION

WHEREFORE, Defendant IKON Office Solutions, Inc. respectfully moves for entry of judgment on Plaintiff Gregory Atterberry's default on each of its Counterclaims. Defendant further requests a hearing on damages as to each of those Counterclaims or, in the alternative, the ability to submit sworn documentation of its losses.

                        DEFENDANT,
                        IKON OFFICE SOLUTIONS, INC.,

                        By: _____
                        William J. Anthony (ct 17865)
                        Jackson Lewis LLP
                        55 Farmington Avenue, Suite 1200
                        Hartford, CT 06105
                        (860) 522-0404
                        *anthonyw@jacksonlewis.com*

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent via certified and first class mail on this 8th day of January, 2004, to the following counsel of record:

Joseph A. Moniz, Esq.
Moniz, Cooper & McCann, LLP
100 Allyn Street
Hartford, CT 06103

Certified Mail No. 4645 8826

_____
William J. Anthony