UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Gregory ATTERBERRY, | : |
|     Plaintiff, | : |
| | : |
| v. | : Civ. No. 3:02cv1490(PCD) |
| | : |
| IKON OFFICE SOLUTIONS, INC., | : |
|     Defendant. | : |

**RULING ON DEFENDANT'S MOTION FOR DEFAULT JUDGMENT**

Defendant moves for entry of judgment on default and requests a hearing on damages as to each of its Counterclaims. For the reasons stated herein, Defendant's motion is **granted** absent opposition.

**I.    Background**

On December 9, 2003, Defendant's motions for summary judgment on Count One and motion for entry of default on all counterclaims were granted. Defendant now moves for default judgment on all counterclaims. Plaintiff does not respond.

**II.    Standard**

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied* 506 U.S. 1080, 122 L. Ed. 2d 357, 113 S. Ct. 1049 (1993) (citation omitted). When determining damages, a district court "may conduct such hearings or order such references as it deems necessary." FED. R. CIV. P. 55(b)(2). However, a hearing is not necessary so "long as [the district court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111

(2d Cir. 1997). "Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the [party against whom default judgment is sought] has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

**III.    Discussion**

Defendant seeks the following relief: (1) that all of Plaintiff's prayers for relief be denied; (2) that Plaintiff's complaint be dismissed in its entirety without prejudice; (3) that Defendant be awarded judgment on its Counterclaims; (4) that Plaintiff be ordered to return any and all IKON equipment and supplies wrongfully in his possession; and (5) that IKON be awarded damages including the fair market value or the amount Plaintiff received from unlawful sale of IKON equipment,[1] lost profits from business opportunities diverted by Plaintiff, loss of prospective business, punitive damages, damages to harm of corporate reputation and loss of good will, and reasonable attorneys' fees and costs.

As Defendant's motion to dismiss Counts One through Five and motion for summary judgment on Count Six of Plaintiff's six-count complaint have been granted, [see Doc. No. 18 and 47, there is no basis for which Plaintiff could be awarded relief, and Defendant's request that Plaintiff's claims now be dismissed is moot.

Defendant's motion for default judgment is **granted**. Plaintiff is hereby ORDERED to return any and all IKON equipment and supplies wrongfully in his possession on or before 12:00 p.m. on February 10, 2004. A hearing on damages as to Defendant's counterclaims shall be held on February 11, 2004, at 10:00 a.m.

---

[1]    Defendant seeks the greater of these two amounts.

**IV.     Conclusion**

For the reasons stated herein, Defendant's motion for default judgment [Doc. No. 48] is **granted**.

SO ORDERED.

Dated at New Haven, Connecticut, February 3 , 2004.

                                                            /s/
                                                Peter C. Dorsey
                                        Senior United States District Judge